**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **TIMOTHY NEAL JAMES, #233226,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:26-cv-00459** |
| | ) | |
| **CENTURION HEALTH GROUP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Timothy James, an inmate of the Bledsoe County Correctional Complex (BCCX) in Pikeville, Tennessee, initiated this action under 42 U.S.C. § 1983 by filing a pro se Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed in forma pauperis (IFP). (Doc. No. 2).

Plaintiff sues Centurion Health Group ("Centurion") and two physicians employed or formerly employed by Centurion at BCCX, Dr. Emma Richa and Dr. Brian Samuals. (See Doc. No. 1 at 1–2). The Complaint claims that Plaintiff was denied timely medical care, and that his case is "built on negligence of Dr. Brian Samuals' deliberate and indifferent forming of an improper diagnosis by denying the clear results of medical testing." (Id. at 7).

The case is now before the Court for ruling on Plaintiff's IFP application and for consideration of whether the Middle District of Tennessee is the proper venue for this lawsuit.

**I. FILING FEE**

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28

U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee.[1] The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

---

[1] Prisoners bringing civil lawsuits are "required to pay the full amount of a filing fee," but if the prisoner is granted IFP status, the fee may be paid in installments rather than in a lump sum at the time of filing. 28 U.S.C. § 1915(b). Prisoners who are not granted pauper status must pay a total fee of $405—a civil filing fee of $350 plus a civil administrative fee of $55—while prisoners who are granted pauper status are only liable for the $350 civil filing fee. See 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

## II. VENUE

The Complaint seeks to recover damages for injuries that Plaintiff allegedly sustained from diverticulitis which should have been treated surgically in early 2022, but which was left untreated for long stretches by BCCX medical providers or was treated non-surgically—based on Dr. Samuals' disagreement with the diverticulitis diagnosis—even though Plaintiff was in intense abdominal pain. (Doc. No. 1 at 2, 3). After a cascading series of urological problems, Plaintiff was told by "Tollett" (identified as a physicians' assistant at BCCX) in October 2025 that he "would most likely not have had" such problems if he had received surgery for diverticulitis when it was first needed. (Id. at 6). On October 31, 2025, Plaintiff was transported to Nashville General Hospital for surgery that "[r]emoved 12 [inches] of colon" and "patched [a] hole in [his] bladder." (Id. at 7). As explained below, although the Complaint was properly filed in this district, the interests of justice and the convenience of parties and witnesses dictate that it ought not remain here.

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the district in which it sits meets any of these three descriptions. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of

*forum non conveniens*." Id. at 56, 60; see also K-Tex, LLC v. Cintas Corp., 693 F. App'x 406, 408–09 (6th Cir. 2017). "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," Atl. Marine Const. Co., 571 U.S. at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

This case falls under the first Section 1391(b) category above, as all Defendants— Centurion, Dr. Rich, and Dr. Samuals—are alleged to reside in this state. Venue in this district is not improper because Centurion allegedly resides here—though the Complaint only alleges wrongdoing by Centurion employees, not by Centurion itself. The other Defendants appear to reside in Bledsoe County, Tennessee, within the Eastern District of Tennessee, see 28 U.S.C. § 123(a)(3), where they work(ed) at the BCCX campus. Moreover, the Complaint is concerned with injuries that Plaintiff allegedly suffered under Dr. Samuals' watch at BCCX, where Plaintiff continues to reside as an inmate and where his "medical records [are] kept by Bledsoe's medical clinic." (Doc. No. 1 at 2). Finally, Plaintiff included a witness list in the Complaint (id. at 8), and 13 of the 15 witnesses are BCCX employees. It thus appears that this case does not belong in this district.

Section 1404(a) permits the transfer of an action "to any other district or division where it might have been brought" if the convenience of parties and witnesses and the interest of justice would be served by such transfer. 28 U.S.C. § 1404(a). The decision to transfer an action pursuant to Section 1404(a) lies within the broad discretion of the district court. Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955); see K-Tex, 693 F. App'x at 408. "Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum," as here. Burnett v. Caruso, No. 10-cv-10749, 2010 WL 1609256, at *2 (E.D. Mich. Apr. 19, 2010). In light of the circumstances discussed above, the

Court finds that transfer to the Eastern District is warranted for the convenience of parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

Accordingly, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Eastern District of Tennessee, Southern Division at Chattanooga.

The case in this Court is closed.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE